632

In the Matter of KATHERYN A. OECHLER, Petitioner, against MARK GRAVES et al., Constituting the State Tax Commission, Respondents.

Third Department, May 3, 1944.

*Murphy, Block, Sullivan & Sawyer* (*Herman Block* of counsel), for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, First Assistant Attorney-General, John C. Crary, Jr., Assistant Attorney-General,* of counsel), for respondents.

MEMORANDUM BY THE COURT. Petitioner is the beneficiary of a trust created by her husband's will by the terms of which the residue of the net income is payable to her " in weekly installments for and during her natural life ". Among the assets of the estate were certain mortgages which it was necessary to foreclose or to take deeds in lieu of foreclosure. As a result these properties were operated at a

loss during the tax years in question. The question here is whether such losses may be deducted by petitioner from her taxable distributive share or whether they should be made up out of the corpus of the estate. The Tax Commission held that the distributive share of petitioner subject to tax under section 365 of the Tax Law is the amount which she was entitled to receive out of the income from the trust and that the losses sustained in the operation of the properties must be paid by the trustees from the principal of the trust and not from the income.

Determination of the State Tax Commission in all respects confirmed, without costs.

HILL, P. J. (dissenting). The taxpayer under the will is to receive " all the rest, residue and remainder of such net income " to be paid "in weekly installments for and during her natural life  *  *  * ". There is no issue between the life beneficiary and the remaindermen concerning what shall be regarded as capital or as income. The only issue is the amount of income tax which Katheryn A. Oechler is required to pay to the State of New York.

The income of the estate, as far as this taxpayer is concerned, is computed in the same manner and on the same basis as that of individual taxpayers (Tax Law § 365, subd. 2). Gross income for individual taxpayers as defined in the Tax Law (§ 359) is interest, rents, dividends, return from securities and other sources. Deductions are made from the gross income. (Tax Law, § 360.) These include expenses of conducting real property (subd. 1, *supra*), interest paid (subd. 2, *supra*) and taxes imposed by the authority of any State, municipality, etc. (subd. 3, *supra*).

This estate was largely invested in real property. The income from all the property owned by the estate during the years in question is less than the deductible expenses, yet the beneficiary is required to pay a tax upon the theory that the operating deficit of three properties should be regarded as a capital loss. These three properties came into the hands of the trustees after the death of the testator, two by the foreclosure of second mortgages belonging to the estate at the time of testator's death, the other by the foreclosure of an after-acquired mortgage. The income from these three properties would be chargeable to petitioner for tax purposes the same as income from any other real property in the estate, and by the same token she should be allowed to deduct losses incurred.

Under the decision of the Tax Commission, petitioner is required to pay a tax on the net income from real property devised by her husband, but may not deduct a loss incurred in operating other real property which also came from her husband, and this, though the loss in operating the one exceeds the net income from the other.

*Matter of Chapal* (269 N. Y. 464) was the construction of a will for the instruction of trustees respecting their obligations toward a life beneficiary and her issue, if any, and the testator's heirs at law, if the life beneficiary left no issue. In *Matter of Otis* (276 N. Y. 101) the same subject was involved, namely how " the respective interests of life tenant and remaindermen were to be adjusted." Neither case applies to the subject here under consideration.

When, and from the present progress it may eventuate, the State or the nation takes all that remains of a citizen's property after death, it may be proper for the income tax gatherers to appear as representatives of the next eventual estate, but until that time arrives, the taxpayer should not be required to pay a tax upon income offset by a loss, upon the theory that the loss should be charged against the corpus of the property.

The determination of the State Tax Commission should be annulled and the amounts paid should be refunded to the taxpayer.

HEFFERNAN, SCHENCK and BREWSTER, JJ., concur; HILL, P. J., dissents in memorandum in which BLISS, J., concurs.

Determination of the State Tax Commission in all respects confirmed, without costs.